Nov. 8th.
Where a promissory note given by a third person to the plaintiff, was subsequently, before it became due, indorsed in blank by the defendant, and it was testified that the defendant said, that after he had indorsed the note, the maker had secured him by putting real estate into his hands, which he was willing to transfer to the plaintiff, and that either the plaintiff or the defendant said that the plaintiff, in consequence of the indorsement, had forborne to sue the maker, it was held, that there was not sufficient evidence of a consideration for the indorsement.
Assumpsit on a promissory note made by Leonard Pierce to the plaintiff, payable in one year. About three months before it became due, it was indorsed in blank by the defendant. In 4 Pick. 385, the Court held that this was a collateral engagement, and that the plaintiff must show that it was fouñded upon a legal consideration. For this purpose the plaintiff called a witness, who testified, that some time after the indorsement, he heard the plaintiff and defendant conversing about the payment of the note ; that the defendant said he was willing to pay it in land, and acknowledged, that after he had indorsed *250 it Pierce secured him by putting real estate into his hands, which he was willing to transfer to the plaintiff. The witness also testitled, that at some time he heard the plaintiff or the defendant, but he could not tell which, say, that in consequence of the defendant’s indorsement, the plaintiff had for a time forborne to sue the maker. Wilde J., who tried the cause, was of opinion, that the evidence was not sufficient to prove a consideration at the time of the indorsement, and the plaintiff agreed to become nonsuit, with liberty to move for a new trial; but the whole Court being now of the same opinion, the nonsuit was made absolute.[1]